IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 10 2001

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

ALBERT WRIGHT,  )
Plaintiff       )
                )
vs.             )
                )
TROYLENE JONES, in her )
individual and official capacity, )
REBECCA WARD, in her individual and ) CIVIL ACTION No. 4-01-CV-006
official capacity, ANNA GATLIN, )
TELIA DUNN, VIRGINIA WRIGHT, MICHAEL )
LUNDY, KATHY BIVENS, DALE TAYLOR, )
RAYMOND STREIDEL, and LESLIE SMITH, )
M.D., in their official capacities, ) This case assigned to District Judge Wilson
DEFENDANTS ) and to Magistrate Judge Ray

COMPLAINT

Nature of the Case

1. This is a Complaint brought under 42 U.S.C. §1983 and pendent state statutory provisions to enforce right guaranteed to the Plaintiff by the First and Fourteenth Amendments to the United States Constitution as well as rights guaranteed by certain state Constitutional and statutory provisions. Plaintiff seeks declaratroy and injunctive relief as well as monetary damages. More specifically, Plaintiff seeks to prohibit, temporarily and permanently, the Arkansas Social Work Licensing Board from acting in any fashion upon a certain ethical complaint filed against the Plaintiff and heard by the Board on Monday, October 8, 2001. In addition, Plaintiff seeks temporary and injunctive relief against Defendant Troylene Jones, Executive Director of the Arkansas Social Work Licensing Board to bar Jones from again releasing certain confidential and privileged information confied in confidence by the Plaintiff to separate Defendant Rebecca Ward. In addition, Plaintiff seeks compensatory and punitive monetary damages against Defendant Troylene Jones.

DOCUMENT NUMBER

JAMES W McCORMACK

In additiona to the foregoing, Plaintiff seeks to reserve and hold open the possibility of compensatory and punitive damages against Defendant Ward, depending on what the proof reveals as to her (Ward's) involvement, if any, in the wrongful disclosure of Plaintiff's confidential communicatic

## JURISDICTION AND VENUE

2. This Court has original jurisdiction of this matter pursuant to Article Three of the United States Constitution and 28 U.S.C. §§ 1331 and 143(a)(3).

3. This suit is authorized pursuant to 42 U.S.C. §1983.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper pursuant to 28 U.S.C. § 1391 (b).

## PARTIES

6. Plaintiff Albert Wright is a Licensed Certified Social Worker ("LCSW") licensed by the Arkansas Social Work Licensing Board and employed at the Little Rock Community Mental Health Center ("LRCMHC).

7. Defendant Tryolene Jones is the Executive Director of the Arkansas Social Work Licensing Board ("ASWLB") an agency of the State of Arkansas created pursuant to Ark. Code Ann. §17-103-101 et seq. Defendant Rebecca Ward is the Chairman of the Board of the ASWLB. The remaining defendants are members of the Board.

## FACTUAL ALLEGATIONS

8. On July 12, 2001 the Plaintiff Albert Wright; concerned as to his legal and ethical standing in light of suggestions made to him (and others) that he misrepresent the nature of treatment afford to

cliens to the LRCMHC; telephoned Defendant Troylene Jones for guidance and direction.

9. Plaintiff was informed by Defendant Jones that he should speak with Defendant Rebecca Ward. Accordingly, on the same day, Plaintiff engaged in an extended telephone conversation with Defendant Rebecca Ward concerning the above referenced matters.

10. Pursuant to the direction of Defendant Ward, the Plaintiff composed and mailed to Defendant Ward a letter dated July 13, 2001 setting out his concerns regarding the above captioned matters. Pursuant to Defendant Ward's further suggestion, the Plaintiff enclosed along with the said letter supporting documentation.

11. Plaintiff, in composing the said letter, inadvertently included one document from which confidential information was not excerpted.

12. On Monday, July 30 Kathy Norman; a social worker and an employee of LRCMHC; telephoned Defendant Jones for the purpose of inquiring as to whether the Plaintiff had written to the ASWLB. Jones; who according to her testimony at the October 8 hearing was still in possession of the referenced letter and who had not previously disclosed it's existence even to Defendant Ward; wrongfully disclosed to Norman the existence of the July 13 correspondence from the Plaintiff. Said disclosure was made without the knowledge or approval of the Plaintiff.

13. On Tuesday, July 31 Kathy Norman wrote to Defendant Jones confirming the above referenced telephone conversation and formally requesting a copy of the Plaintiff's July 13 letter. A copy of the July 31 letter of Kathy Norman is attached to this Complaint and incorporated herein as Exhibit "A."

14. In response to the July 31 letter of Kathy Norman, Defendant Jones wrongfully mailed to Kathy Norman a complete copy of the Plaintiff's

July 13 letter including the confidential document enclosed as an attachment thereto. Said disclosure and release was made without the knowledge or consent of the Plaintiff. In her testimony at the October 8 hearing before the ASWLB, Defendant Jones testified that the said release and disclosure was made without the knowledge, authorization or consent of any other party including; without limitation; without the knowledge, authorization or consent of Defendant Ward to whom the letter was addressed. It is Plaintiff's belief that there may have been other parties with knowledge of Defendant Jones' intent to release to Kathy Norman a copy of Plaintiff's July 13 letter, although Plaintiff is not specifically alleging the same at this time. If such individuals and/or organizations do exist, Plaintiff reserves the right to amend this COMPLAINT to seek appropriate relief against them.

15. On Monday, August 6, 2001 Plaintiff was verbally assaulted by attorney Debby Nye at his place of employment at LRCMHC. Nye had been given either by Norman or directly by Defendant Jones a copy of the July 13 letter of the Plaintiff. Simultaneously Nye hand delivered to Charles Wood; an employee of LRCMHC; a letter of even date (Aug. 6) addressed to the ASWLB and containing a formal allegation of unethical conduct by the Plaintiff in having disclosed confidential information. Attached as an Exhibit to Nye's letter of Aug. 6 to the ASWLB was the entirety; including the unexcerpted and unredacted confidential dodument inadvertently included as an attachment to the Plaintiff's July 13 correspondence with the ASWLB. Wood subsequently hand delivered the Aug. 6 letter of Nye to the Plaintiff. A copy of Nye's letter of Aug. 6 is attached to this COMPLAINT and incorporated herein as Exhibit "B." Inasmuch as this COMPLAINT is itself open to public inspection the

critical document has been omitted. The document in question is in the possession of all of the parties and will be produced to the Court in camera. An excerpted copy of the said document is attached as Exhibit "E6." Pleading further, Plaintiff's disclosure in his letter of July 13 was privileged and authorized by Article X, Standard A of the Rules of the ASWLB, a copy of which is attached hereto and incorporated herein as Exhibit "J."

17. Upon information and belief, Defendant Troylene Jones will; unless enjoined by this Court; again release upon inquiry (formal or informal) from any member of the public all or part of Plaintiff's July 13 letter to Defendant Rebecca Ward.

18. On August 20, 2001, the Plaintiff was formally notified by the ASWLB of the ethical comlaint filed against him. A copy of the said notification is attached hereto and incorporated herein as Exhibit C."

19. On August 22, 2001 Defendant Rebecca Ward issued a pro forma dismissal of Plaintiff's request for assistance embodied in his letter of July 13. A copy of the said August 22 letter of Defendant Ward is attached hereto and incorporated herein as Exhibit "D."

20. On August 29, 2001, Plaintiff submitted a formal response to the ethical comlaint lodged against him with the ASWLB by Debby Nye on behalf of the LRCMHC. A copy of the said response is attached hereto and incorporated herein as Exhibit "E." The excerpted document in question is attached hereto as Exhibit "E6."

21. On September 13, 2001, the Plaintiff was formally notified that a hearing would be held on Monday, October 8, 2001 before the ASWLB for the purpose of considering the ethical complaint lodged against Plaintiff by Debby Nye on behalf of the LRCMHC. A copy of the said notice is attached hereto and incorporated herein as Exhibit "F."

22. Plaintiff subsequently retained the undersigned who became

aware of the anomalies complained of in this lawsuit.

23. On Monday, October 1, 2001 the undersigned engaged in an extensive telephone conversation with Assistant Attorney General Kim Evans; attorney for the ASWLB; at which time a lengthy complaint was lodged as to the improper and illegal disclosure of Plaintiff's July 13 correspondence.

24. Having received no response to his verbbal complaint, the undersigned on Wednesday, October 3 hand delivered to the office of the Arkansas Attorney General a written specification of the Plaintiff's complaint as to the release of his July 13 letter as well as a suggestion from the undersigned that the ASWLB reconsider it's decision to conduct a hearing on the ethical complaint against the Plaintiff. A copy of the October 3 letter to attorney Evans is attached hereto and incorporated herein as Exhbit "G."

25. On Friday, October 5, 2001 at 11:00 a.m. the undersigned received by travpling to the office of the Arkansas Attorney General the response of the ASWLB to the Plaintiff's request that it reconsider it's decision to conduct an ethical complaint hearing against him on Monday, October 8 at 10:00 a.m. A copy of the said response is attached hereto and incorporated herein as Exhibit "H."

26. Monday, October 8, 2001 was "Columbus Day" which is a federal holiday. Accordingly, the U.S. District Clerk's office was closed and Plaintiff was, thus, unable to seek a preliminary injunction against the ASWLB to prevent the referenced hearing.

27. Unable to enjoin the illegal hearing, Plaintiff on Monday, October filed in an open meeting of the ASWLB a formal motion seeking the dismissal of the ethical complaint him. A copy of the said motion is attached hereto and incorporated herein as Exhibit "I." Not surprisingly, Plaintiff's motion was cursorily dismissed.

28. Having rejected Plaintiff's attempt to halt this illegal adminstrative proceeding, the ASWLB proceeded with the hearing in question. During the course of the said hearing Defendants Jones and Ward were called as witnesses for the State by attorney Evans. Both defendants testified that the decision to release to Kathy Norman an (unexcerpted) copy of Plaintiff's July 13 letter to Defendant Rebecca Ward had been the decision of Defendant Jones unilaterally and had been made without the knowledge or approval of any party, and specifically without the knowledge or approval of Defendant Ward. Plaintiff is skeptical of this testimony and reserves the right to amend his Complaint to seek monetary damages against any party in collusion with whom Jones may have been acting in the wrongful release of his July 13 letter to Defendant Rebecca Ward. In any event, Defendat Jones has not been disciplined, reprimanded or admonished for her wrongful release of Plaintiff's letter either by Defendant Ward or by any other party.

29. Upon information and belief; and relying on her testimony at the aforesaid October 8 hearing; Defendant Jones will upon any inquiry (formal or informal) from any member of the public again release a complete and unexcerpted copy of Plaintiff's July 13 letter to Defendant Rebecca Ward unless enjoined to the contrary by this Court.

30. Plaintiff asserts that he enjoys standing to assert on behalf of the individuals affected and whose privacy will be violated by such a release their interests and rights. Further, Plaintiff asserts that he himself will be irreparably harmed by a second wrongful disclosure by Defendant Jones.

CLAIM ONE

31. All Defendants are acting under "color of law" for purposes of

42 U.S.C. § 1983.

31. In wrongfully releasing Plaintiff's private communication, Defendant Jones has violated Plaintiff's Freedom of Speech and Privacy rights under Articles One and Fourteen of the United States Constitution. In addition, she has violated Plaintiff right to freedom of expression pursuant to Article 2, Section 6 of the Arkansas Constitution. Defendant Jones has, further, violated Plaintiff's rights under the Arkansas "Freedom of Information" Act, Ark. Code Ann. § 25-19-101 et seq. For these violations Plaintiff is entitled to an award of compensatory and punitive damages against Defendant Troylene Jones.

## CLAIM TWO

32. All Defendants are acting under "color of law" for purposes of 42 U.S.C § 1983.

33. If Defendant Ward has; contrary to her testimony at the October 8, 2001 hearing; had any knowledge or involvement in the wrongful release by Defendant Jones of the July 13 letter to her from the Plaintiff, then in that instance Defendant Ward is also liable to Plaintiff for compensatory and punitive damages pursuant to the above referenced federal and state Constitutional and statutory provisions. In addition thereto, Defendant Jones is also liable to the Plaintiff by virtue of her violation of Ark. Code Ann. §21-8-1003 and Ark. Code Ann. § 17-103-107.

## CLAIM THREE

34. All Defendants are acting under "color of law" for purposes of 42 U.S.C § 1983.

enjoined from releasing or disclosing to any party; without express authorization of the Court; any portion of Plaintiff's July 13 communication to Defendant Rebecca Ward. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Plaintiff is entitled to a preliminary injunction against any such disclosure pending further actions by the Court.

## CLAIM FOUR

36. Inasmuch as the ethical complaint against Plaintiff by Debby Nye on behalf of LRCMHC was premised upon and derivative of the wrongful actions of the Executive Director of the ASWLB in releasing a copy of Plaintiff's July 13 communication to Defendant Rebecca Ward, the ASWLB is without jurisdiction to consider the referenced ethical complaint. Accordingly, the Board should be temporarily and permanently enjoined from considering or acting upon the said ethical complaint. Further, the Board should be Ordered and Directed to rescind, cancel and annul any action it may heretofor have taken in connection with the said ethical complaint. Finally, the Board should be Ordered and Directed to destroy all evidence of the illegal October 8 ASWLB hearing including, without limitation, all papers, documents, exhibits and audio tapes. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Plaintiff is entitled to a preliminary injunction in this respect against the ASWLB, more particularly because; upon information and belief; the ethical complaint in question was generated by LRCMHC and it's attorney in the hope of fabricating a basis to terminate the Plaintiff's employment and; pursuant thereto; will seize upon any action by the Board for this purpose.

pleading further, Plaintiff alleges that the actions of Defendant Jones are binding upon the ASWLB under, inter alia, the doctrine of Respondeat Superior, and that, accordingly, the equitable doctrines of Estoppel and Unclean Hands form and provide an additional basis for the injunctive relief requested against the ASWLB as a whole.

## RELIEF REQUESTED

37. Plaintiff should be compensated by Defendant Jones with compensatory and punitive damages pursuant to 42 U.S.C. §1983 and the pendent state claims.

38. Should Defendant Ward be shown to have had knowledge of or involvement in the wrongful release of Plaintiff's letter of July 13, 2001 to her, Defendant Ward should likewise be held liable to Plaintiff as set out in paragraph 37.

39. Defendant Jones should be temporarily and permanently enjoined from releasing; without express authorization of the Court; any portion of Plaintiff's July 13, 2001 letter to Defendant Rebecca Ward.

40. The ASWLB should be temporarily and permanently enjoined from considering or acting upon the ethical comlaint referenced herein. Further, the ASWLB should be affirmatively Ordered and Directed to destroy all notes, exhibits, documents and audio tapes associated with the said illegal hearing of October 8, 2001 or emanating therefrom.

41. Pursuant to 42 U.S.C. §1988, Plaintiff should be awarded recovery of his costs and a reasonable attorney's fee.

*/s/ J. Fred Hart Jr.*
J. Fred Hart Jr.
State Bar N9 75055
607 North Polk
Little Rock, Arkansas 72205
(501) 666-7117

## CERTIFICATE OF SERVICE

I hereby certify that on the 10TH day of October, 2001 a copy of the foregoing was personally served upon Kim Evans, Esq., attorney for the Arkansas Social Work Licensing Board.

*/s/ J. Fred Hart Jr.*

-11-

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

*Exhibits Attached to Original Document in Courts's Case File*